UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

DANIEL HENDERSON          :
                          :          PRISONER CASE NO:
v.                        :          3:04 cv 2053 (JCH)
                          :
JUDGE GORDON              :

RULING ON MOTION FOR RECONSIDERATION [DKT. NO. 8]

Plaintiff, Daniel Henderson ("Henderson"), is confined at the Cheshire Correctional Institution in Cheshire, Connecticut. He brings this civil rights action pro se pursuant to 28 U.S.C. § 1915 challenging several rulings in an action he filed in state court as denying him his constitutional right of access to the courts. On February 24, 2005, the court dismissed the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(i). Henderson now seeks reconsideration of that decision.

The standard for granting a motion for reconsideration is strict. See Schrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995). Such a motion generally will be denied unless the "moving party can point to controlling decisions or data that the court overlooked–matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." Id. The function of a motion for reconsideration thus is to present the court with an opportunity to correct "manifest errors of law or fact or to consider newly discovered evidence . . . ." LoSacco v. City of Middletown, 822 F. Supp. 870, 876-77 (D. Conn. 1993) (quoting Rothwell Cotton Co. v. Rosenthal & Co., 827 F.2d 246, 251 (7th Cir. 1987)), aff'd, 33 F.3d 50 (2d Cir. 1994).

Henderson argues that if the court were to exercise jurisdiction over this case, the state court judgment would not be reversed or modified. Henderson states that he

would like to amend his complaint to seek declaratory relief regarding the fee waiver issue only.  He contends that entry of a declaratory judgment stating that he was denied access to the courts when he was denied leave to appeal in forma pauperis, would not disturb the state court's grant of summary judgment against him.

A motion for reconsideration is not a vehicle to amend the complaint.  Instead, it permits a litigant to request review of a decision based upon facts in the record that the court failed to consider or on law that the court overlooked.  Henderson specifically asked this court to order that the motion for summary judgment in state court be re-argued or that he be granted leave to appeal the decision in forma pauperis.  If the court were to granted the former request, it would necessitate the modification of the state court judgment.  If the court were to grant the latter, it would require the court to enter an injunction against a state court judge.  This the court cannot do.  See Montero v. Travis, 171 F.3d 757, 761 (2d Cir.1999) (dismissing claim for injunctive relief against judicial officer where plaintiff alleged neither violation of declaratory decree nor unavailability of declaratory relief).

Henderson's motion for reconsideration [**Dkt. No. 8**] is **GRANTED**.  However, the relief requested is **DENIED** because Henderson has not identified any controlling decision or data contained in the complaint that the court overlooked.

**SO ORDERED** this 7th day of September, 2005, at Bridgeport, Connecticut.

/s/ Janet C. Hall
Janet C. Hall
United States District Judge